27 C.C.P.A.(Patents)

## In re LYON.
## Patent Appeal No. 4340.

Court of Customs and Patent Appeals.
June 24, 1940.

Rehearing Denied Sept. 30, 1940.

Charles W. Hills, Jr., and Charles F. Meroni, both of Chicago, Ill., for appellant.

Howard S. Miller, of Washington, D. C., for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

GARRETT, Presiding Judge.

The application for patent here involved is entitled "Ornamental Wheel Accessory."

There were 11 claims, numbered 1 to 11, inclusive, before the examiner of the Patent Office (two of them—10 and 11—introduced for the purposes of appeal to the board), all of which were held rejectable by him. The Board of Appeals reversed the examiner as to claim 9 and it stands allowed.

The appellant appealed to this court respecting all the rejected claims but states in his brief that the appeal is dismissed as to claims 1, 2, and 7.

We quote claims 3, 8, and 10 for illustrative purposes:

"3. The combination comprising a vehicle wheel including a rim portion and a body part, said body part having an axially extending shoulder in proximity to the junction point between said body part and

said rim portion, said shoulder having an annular radially extending bead in proximity to its outer edge, and an ornamental member for disposition over an outer side surface of said wheel, said member having an intermediate indented flange disposed against said shoulder and beneath said bead, whereby said member is secured to said wheel.

"8. The combination comprising a vehicle wheel having a tortuous configuration, a portion of which includes an intermediate bead-like portion, and an ornamental member for disposition over the outer side of said wheel, said member having an intermediate annular portion thereof bent obliquely inwardly into engagement with said wheel behind said bead-like portion, whereby said member is firmly secured to said wheel.

"10. In a wheel construction including tire rim and body parts, said rim part having a base flange to which said body part is joined and said body part having a shoulder adjacent the joint between said parts, a circular ornamental member for disposition on said wheel adjacent said joint and having rearwardly extending retaining means adjacent said joint tightly engaging said shoulder to retain said member on the wheel."

The board gave the following general description of the subject matter: "The invention is a wheel. It comprises a rim part and a body part. The body part is provided with an annular portion U-shaped in cross section having an inwardly extending portion at one side. At the other side this annular portion engages an axially extending surface of the rim and forms a joint with it. The annular portion extends axially beyond one side of the joint formed. An ornamental member fits over the annular portion and is provided with an intermediate depressed portion which engages the peripheral surface of the annular portion. This ornamental member is also provided with an outer portion which overlaps the joint and conceals it."

The following references were cited: Lyon, 1,891,192, December 13, 1932; Hunt, 1,982,106, November 27, 1934; Lyon, 1,-948,273, February 20, 1934; Milner, 1,948,-237, February 20, 1934; Brink, 1,988,779, January 22, 1935.

The examiner held all the claims rejectable upon two grounds: First, "as being drawn to the old combination of a vehicle wheel and an ornamental member."

It was the view of the examiner that the patent to Hunt discloses the combination to be old.

Second, they were held rejectable as being unpatentable over the prior art cited.

It is not clear just what view the board took of the first ground of rejection. There is no reference to the matter of "old combination" in its decision. Its discussion is quite brief and we quote it in full:

"Most of the claims are quite broadly drawn. They will read in all substantial respects on either Hunt or Milner except for the limitation 'depressed intermediate portion' (Claim 1). In the patents, the outer edge of the ornamental ring is bent inward and engages the body of the wheel. However, we fail to see that any invention is involved in bending the metal close to the edge inward instead of the edge portion inward. This will satisfy most of the claims as this portion will be at an intermediate point. We think that claims 1 to 8, 10 and 11 are not patentable.

"Claim 9 appears to define a novel structure wherein the ornamental member will conceal and protect the joint between the rim and the body of the wheel. This claim is regarded patentable."

Appellant contends that the board did not affirm the first ground of the examiner's rejection. He assumes this from the fact that it allowed claim 9. From this we suppose appellant interprets the allowed claim, as evidently the examiner did in rejecting it, to embrace the combination of a wheel and an ornamental member. That it may be so interpreted we think appears from the claim itself which reads: "9. With a vehicle wheel of the type which includes a rim portion and a body part having a junction, the body part having an axially extending portion beyond the junction in proximity thereto, an ornamental member for disposition over an outer side surface of said wheel, said member having a depressed intermediate portion, there being a portion of said member lying radially inwardly of said depressed portion for embracing and concealing said wheel body part and an outer portion for embracing said wheel rim, said intermediate portion having a pressed retaining fit with said wheel body beyond said junction of said body part and said rim portion."

However, it will be observed that the claim contains an express provision for a "depressed intermediate portion" in the ornamental member which the board found

not to be present in the prior art specifically mentioned by it. It may be said that this claim was introduced as an amendment following the examiner's rejection of claims 1 to 8, inclusive, the introduction of same being accompanied by the following explanatory statement: "* * * Claim 9, has been added to better and more fully bring out the novel and distinctive characteristics of the present invention. Claim 9 has been carefully drafted, and it is believed that it clearly distinguishes over the references of record and over the other claims in the case. This new claim brings out the 'depressed intermediate portion' of the member and to the manner in which the intermediate portion makes a pressed retaining fit with the wheel body beyond the junction of the rim portion and the body part of the wheel. For the reasons discussed above, the references of record do not show or suggest a member having an intermediate portion which coasts with the wheel in the manner defined by this claim."

As we understand the board's decision relative to the claim, it was allowed because of the arrangement whereby the ornamental member conceals and protects the joint between the rim and the body of the wheel, and being new it rendered the claim patentable despite the fact that the combination of a wheel and an ornamental member may be broadly old.

The feature and the function so described is not found in any of the other claims on appeal, but appellant argues that it was error to hold the other claims unpatentable "while at the same time holding claim 9 to be patentable."

The general rule that this court will not test rejected claims by allowed claims, or allow claims which have been rejected below upon the basis of other claims allowed below is so well settled that no citation of authority is essential to support it, but the attention which we have devoted to the allowed claim here seems justified because of the situation presented by the decision below.

We test rejected claims on the basis of their rejection below so far as such basis is brought before us by the reasons of appeal. In the instant case we have found it sufficient to consider them in the light of the prior art and have not taken the matter of old combination into consideration. So considering them, the issue seems to be limited to the feature (of course, considered in combination with the other features) of an ornamental ring, referred to in the decision of the examiner, and in appellant's brief as a "trim" ring. It is shown in appellant's application disposed over the body part (as distinguished from the rim part) of a wheel, being frictionally held thereon. One figure of the drawings discloses a modification showing a shoulder upon the body part of the wheel which causes an increase in the frictional engagement.

The examiner pointed out that Hunt discloses a trim ring disposed over and frictionally attached to the hub portion of the body part of a wheel, and that each of the other patents shows a trim ring having "a bent cross section suitable to the particular application intended." He said: "Applicant's trim ring distinguishes over those of the patents only in its cross-sectional shape. This is considered to amount to no more than a mere difference in design not involving invention. Given the teachings of the cited patents no invention would be required to enable one skilled in this art to design a trim ring having a cross sectional shape most suitable to its intended purpose."

It will be observed that claim 3 provides for an "intermediate indented flange" disposed as described, and that claim 8 describes an intermediate annular portion of the ornamental member as being "bent obliquely inwardly into engagement with said wheel." Other of the claims embrace the idea of an intermediate portion bent back on itself.

Appellant's argument is to the effect that the structural differences between the appealed claims and the trim rings of the reference patents are sufficient to lend patentability to the appealed claims.

It is said that the Hunt patent is the only reference which shows a disk type of wheel, and various differences of structure between it and the device of appellant are recited. The other patents are stated to relate to a spoke type of wheel.

That there are differences in structure may be conceded, but mere difference in structure is not a sufficient basis upon which to predicate patentability. The difference must embody an inventive concept. We are not convinced that the appealed claims present subject matter which so differs from the prior art that it justly may be held to have required invention for its development.

The appeal is dismissed as to claims 1, 2, and 7, and as to all others the decision of the board is affirmed.

Affirmed.