**Marvin MORRIS, Petitioner,**

**v.**

**Harold ROSS, Respondent.**

**No. 81–6111**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Dec. 14, 1981.
Rehearing Denied Feb. 10, 1982.

Marvin Morris, pro se.

Before TJOFLAT, VANCE and CLARK, Circuit Judges.

CLARK, Circuit Judge:

The district court denied Morris' motion to appeal in forma pauperis its order granting summary judgment for the defendants. His motion to this court to proceed in forma pauperis is currently pending.

This appeal arises out of a civil rights action commenced under 42 U.S.C. § 1983, naming as defendants the detective who allegedly took control of money in Morris' possession when he was apprehended as the suspect of an armed robbery, and the prosecutor who participated in Morris' subsequent revocation of probation proceedings. The charges growing out of the armed robbery were eventually nolle prossed, the state choosing instead to rely on proof of the facts of the incident in a proceeding to revoke Morris' probation under a prior conviction. By this action Morris does not directly, or even necessarily, attack the validity of his revocation of probation, nor does he seek release from confinement. He merely seeks return of the money plus punitive damages. We conclude that the appeal is frivolous within the meaning of *Coppedge v. United States*, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). The motion to proceed in forma pauperis will therefore be denied and the appeal dismissed.

We discern two unrelated claims in Morris' pleadings. The one argues that the failure to observe certain procedural formalities in the disposition of the money, which procedures presumably would have been triggered in the event of a full-blown prosecution for the robbery, amounted to a deprivation of property without due process. This argument has no merit. The identity of the rightful possessor of the money was necessarily determined in the probation revocation proceedings. If the opportunity there presented was sufficient to contest the termination of his liberty interest, it follows with even greater force that that opportunity was sufficient to assert his property interest in the stolen goods.

The other claim, as we understand it, is that the prosecutor secured Morris' revocation of probation because the money had already been disposed of, in one way or another, and further prosecution was the only way to avoid having to return the money to its "rightful" owner. This claim would have merit, but only if there were some evidence in its support beyond mere conclusional allegations. The district court granted summary judgment for the defendants not on the face of the pleadings, but only after notice to Morris that it would treat their motion to dismiss as a motion for

summary judgment. The purpose of summary judgment is to determine, on the basis of evidence that must be forthcoming, whether there is any dispute as to an issue of material fact, as distinguished from a party's mere allegations. When Morris was unable to respond to the court's notice with anything more than a repetition of his conclusional allegations, summary judgment for the defendants was not only proper but required. F.R.Civ.P. 56(e).

Morris may challenge the validity of his incarceration, if he has not already done so, in a habeas proceeding. As for the claims he raises in this action, however, further proceedings in this court could not lead to anything more than yet another opportunity to adduce evidence in support of his claims, a burden he was unable to carry below. The motion is therefore denied.

Appeal DISMISSED.