Carol H. WILLIS, Plaintiff,

v.

UNIVERSITY HEALTH SERVICES, INC., d/b/a University Hospital; Sherry Hicks, individually and in her official capacity as Head Nurse of Postpartum for University Hospital; Mary Lynn Goforth, individually and in her official capacity as Director of Maternal/Child Nursing for University Hospital; Marilyn Bowcutt, individually and in her official capacity as Assistant Administrator of Nursing Services for University Hospital; and Joseph W. Herzberg, individually and in his official capacity as Director of Personnel Services for University Hospital, Defendants.

No. CV190–317.

United States District Court, S.D. Georgia, Augusta Division.

July 27, 1992.

Mary M. Brockington, Warner R. Wilson, Wilson, Strickland & Benson, Atlanta, Ga., for plaintiff.

Raymond Gordon Chadwick, Jr., Robert Perry Sentell, III, Knox & Zacks, Augusta, Ga., for defendants.

ORDER

BOWEN, District Judge.

Before the Court is Defendants' Motion for Summary Judgment in this action brought by Plaintiff under 42 U.S.C. § 1983.

I. BACKGROUND

Plaintiff Carol Willis was employed as a Registered Nurse by Defendant University Health Services (UHS) at University Hospi-

tal in Augusta, Georgia, from December 1987 until January 2, 1990.

During 1989 and January 1990, Plaintiff also taught private childbirth education classes to prospective parents in Augusta. In October 1990 the *Augusta Chronicle* published a letter to the editor, written by Plaintiff, in which she expressed opinions regarding obstetrical practices.[1] On January 2, 1990, UHS fired Ms. Willis for the stated reason of "loss of confidence [in Ms. Willis] due to [her] poor judgement." The termination notice was signed as approved by Defendants Hicks,[2] Goforth,[3] Bowcutt,[4] and Herzberg.[5]

Plaintiff subsequently filed suit under 42 U.S.C. § 1983, alleging that Defendants UHS, Hicks, Goforth, Bowcutt, and Herzberg infringed Plaintiff's right of free speech as guaranteed by the First and Fourteenth Amendments to the United States Constitution by terminating her employment in retaliation for her espousal and expression of her beliefs in the letter to the editor and in her private childbirth classes. Plaintiff also alleged that the termination procedure resulted in denial of her due process rights in violation of the Fourteenth Amendment.

Defendants moved for summary judgment on the alternative grounds that (1) the decision by UHS to fire Ms. Willis was not "state action" for purposes of a § 1983 claim; (2) UHS's action in firing Ms. Willis did not deprive her of rights secured by the Constitution or laws of the United States; and (3) Ms. Willis's employment at UHS was a privilege and not a property right entitled to protection of the due process clause of the Fourteenth Amendment to the United States Constitution.

## II. ANALYSIS

### A. The Requirements for Summary Judgment

The Court should grant summary judgment only if "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The party moving for summary judgment bears the burden of showing that there is no genuine dispute as to any material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Clemons v. Dougherty County*, 684 F.2d 1365, 1368 (11th Cir.1982). The party moving for summary judgment may meet this burden upon showing that the adverse party has failed to make a showing sufficient to establish the existence of an element essential to the adverse party's case, and on which the adverse party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If any factual issue is unresolved by the motion for summary judgment, then the Court may not decide that matter. *Environmental Defense Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir.1981).

The Court must resolve all reasonable doubts in favor of the adverse party. *Casey Enterprises, Inc. v. American Hardware Mutual Ins. Co.*, 655 F.2d 598, 602

---

**1.** The text of the published letter, which was captioned in the newspaper as "Offers criticisms of doctors and mothers," was as follows:

Praise goes to the very few obstetricians in Augusta who realize an educated, aware, responsible woman is an easier patient and much less of a legal risk.

Shame on the multitude of obstetricians who patronizingly tells moms (in words and actions) "Don't worry about a thing, I'll take care of everything for you." No wonder they get sued so often.

Sympathy goes to the gullible moms whose babies "sucked out, dragged out or cut out" instead of them being assisted to "give birth."

Pity on the baby who pays the price with the potential of his life.

Forgive us, nature, for our lack of faith in you.

**2.** Defendant Hicks was employed as a Head Nurse at University Hospital.

**3.** Defendant Goforth was employed at University Hospital.

**4.** Defendant Bowcutt was employed as Assistant Administrator, Nursing Services, at University Hospital.

**5.** Defendant Herzberg was employed as Director of Personnel Services for University Hospital.

(5th Cir.1981). When, however, the moving party's motion for summary judgment pierces the pleadings, the burden then shifts to the adverse party to show that a genuine issue of material fact exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The adverse party cannot carry this burden by reliance on the pleadings, or by repetition of conclusory allegations contained in the complaint. *Morris v. Ross*, 663 F.2d 1032, 1033 (11th Cir.1981), *cert. denied*, 456 U.S. 1010, 102 S.Ct. 2303, 73 L.Ed.2d 1306 (1982). Rather, the adverse party must respond by affidavits or as otherwise provided in Fed.R.Civ.P. 56.

The Clerk has given the adverse party notice of the motion for summary judgment, the right to file affidavits or other materials in opposition to the motion, and of the consequences of default. *See Griffith v. Wainwright*, 772 F.2d 822 (11th Cir.1985). Thus, the notice requirement of *Griffith* is satisfied. The parties having submitted any desired responses and materials in support thereof, I will now rule upon the motion.

### B. State Action Under 42 U.S.C. § 1983

Defendants initially argue that there was no state action present when UHS fired Ms. Willis, and that therefore Ms. Willis's § 1983 claims against them must fail as a matter of law.

To be entitled to relief under § 1983, the plaintiff must show that the defendants deprived her of a right secured to her by the Constitution or federal law and that the deprivation occurred under color of state law. *Sims v. Jefferson Downs, Inc.*, 611 F.2d 609, 611 (5th Cir. 1980). " '[P]rivate conduct is fairly attributable [to state action] only when the state has an affirmative role, albeit one of encouragement short of compulsion, *in the particular conduct underlying a claimant's civil rights grievance.*' " *National Broadcasting Co. v. Communications Workers of Am.*, 860 F.2d 1022, 1025 n. 4 (11th Cir.1988) (emphasis added). The acts of a private entity may be deemed to be state acts where: (1) there is a sufficiently close nexus between the State and the challenged action; (2) the state has so coerced or encouraged a private act that it must be considered the act of the state; or (3) the private entity exercises powers traditionally reserved exclusively to the state. *Blum v. Yaretsky*, 457 U.S. 991, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982).[6] The determination of whether there is sufficient state action by a non-state defendant to sustain a § 1983 claim must be made on a case-by-case basis. *Bailey v. McCann*, 550 F.2d 1016, 1018 (5th Cir.1977).

Defendant UHS is a private, non-profit corporation that operates University Hospital pursuant to a lease agreement with Richmond County Hospital Authority (RCHA). RCHA is a public hospital authority "created ... by resolution of the Board of Commissioners of Richmond County, pursuant to the Hospital Authorities Act...." *Richmond County Hosp. Auth. v. Richmond County*, 255 Ga. 183, 336 S.E.2d 562, 563 (Ga.1985). As such, RCHA's acts would be state acts for purposes of § 1983 liability. *See Wofford v. Glynn Brunswick Mem. Hosp.*, 864 F.2d 117, 118 (11th Cir.1989).

The precise question here is whether state action was present when UHS terminated an employee. This is not the first time the Court has addressed this issue. In *Coleman v. University Hosp.*, No. CV187–117 (S.D.Ga. Apr. 28, 1988), this Court held that there was no nexus between the state in the form of RCHA and the termination of a UHS employee for purposes of a § 1983 action, because UHS as a private non-profit corporation, while "not entirely free of any vestige of state supervision," had "sole and exclusive control over personnel decisions" under the terms of the lease agreement between UHS and RCHA. *Id.*, slip op. at 3. On

---

6. "While specifically the *Blum* court spoke of holding the state liable pursuant to state action doctrine, the standard remains constant when a party seeks to hold a private actor liable under the state action doctrine." *National Broadcasting Company v. Communications Workers of Am.*, 860 F.2d 1022, 1025 n. 4 (11th Cir.1988).

this basis, the Court granted summary judgment for defendant UHS. UHS, of course, now cites *Coleman* in support of its motion for summary judgment here.

In attempting to withstand this motion, Willis seeks to distinguish *Coleman* by asserting that the *pro se* plaintiff there pointed only to receipt of federal funds as a state connection; for that reason, Willis argues, the *Coleman* plaintiff could not withstand summary judgment. Willis submits additional evidence of relationships between RCHA and UHS in support of her position that the acts of UHS are state acts.

There remains no dispute, however, that the lease agreement between RCHA and UHS grants UHS the discretion to "hire, terminate, promote or assign employees and to hire agents or independent contractors." On this point, *Greco v. Orange Mem. Hosp. Corp.*, 513 F.2d 873 (5th Cir. 1975), *cert. denied*, 423 U.S. 1000, 96 S.Ct. 433, 46 L.Ed.2d 376 (1975), is instructive. In *Greco*, the plaintiff brought a § 1983 action against a private corporation that operated a hospital in a publicly-owned building leased from the county, alleging that the hospital's policy prohibiting non-therapeutic abortions was unconstitutional. There was evidence that, *inter alia*, the county built the building and owned the land and building which housed the hospital; the private hospital corporation leased the land and hospital from the county for one dollar per year and was bound under the provisions of the lease to operate the hospital as a non-profit institution and to furnish general public medical and surgical care; and the lease required the private corporation to submit annual audits to the county and to furnish the county with any information which it felt necessary to inform the citizens about the operation and financial condition of the institution. *Id.* at 876.

Nevertheless, the Fifth Circuit affirmed the district court's dismissal on the basis that the plaintiff failed to establish state action for purposes of § 1983. The private, non-profit hospital corporation was not a state actor as to conduct of medical policy that prohibited elective abortions where the hospital's board of directors had *exclusive control of that policy under the terms of a lease agreement, and neither the county nor state had sought to regulate or influence that policy and had remained neutral with respect to implementation of that policy.* *Id.* at 880–81. "The involvement of the County [was] not sufficiently related to [implementation of the hospital's medical policy] to justify the imposition of Constitutional restrictions upon the daily business of the hospital." *Id.* at 882.

*Greco* is applicable to the circumstances here; the critical fact remains that under the lease agreement, UHS has exclusive control over personnel management. Furthermore, the Georgia Supreme Court determined in *Richmond County Hosp. Auth., supra*, that RCHA and UHS are separate and distinct entities in the eyes of the law, despite some overlapping personnel at the highest level. *Richmond County Hosp. Auth.*, 336 S.E.2d at 565. There is no sufficient nexus between the state and the determination by UHS to fire Ms. Willis. Furthermore, the state in the form of RCHA did not coerce or encourage UHS to fire Ms. Willis. Finally, UHS as a private hospital corporation does not exercise powers traditionally reserved exclusively to the state. *See Greco*, 513 F.2d at 882.

## CONCLUSION

As in *Coleman v. University Hosp.*, No. CV187–117 (S.D.Ga. Apr. 28, 1988), there was no state action present here in Defendant UHS's termination of a UHS employee. It follows that there was no state action by individual UHS employee Defendants who participated in that decision or its implementation.

Accordingly, Defendants' motion for Summary Judgment is GRANTED. The Clerk of Court is directed to enter judgment in favor of all Defendants, tax costs against the Plaintiffs, and close the case.