Jeffrey L. **THOMAS**, Plaintiff,

v.

**KRUEGER RINGIER, INC.,**
**et al., Defendants.**

**Civ. A. No. CV192–106.**

United States District Court,
S.D. Georgia,
Augusta Division.

Feb. 7, 1994.

Samuel Warren Cruse, Augusta, GA, for plaintiff.

David L. Gordon, Stephen X. Munger, William F. Clark, Jackson, Lewis, Schnitzler & Krupman, Atlanta, GA, William M. Rossi, Jackson, Lewis, Schnitzler & Krupman, Orlando, FL, for defendant.

Mark Adams, pro se.

## ORDER

BOWEN, District Judge.

Defendant Krueger Ringier, Inc. (Krueger) moves for summary judgment against Plaintiff Jeffrey L. Thomas on his Complaint. Both parties request a hearing on the motion. Having reviewed the file, oral argument appears unnecessary. Krueger's Motion for Summary Judgment is GRANTED for the reasons stated below.

## I. BACKGROUND

Plaintiff Thomas brought this civil rights action pursuant to Title VII, 42 U.S.C. § 2000e et seq. He contends Krueger, his former employer, unlawfully discharged him solely on the basis of his male gender. He asserts supplemental state law causes of action for breach of employment contract and negligence against Krueger and tortious interference with contract against Defendant Mark Adams.

Krueger, a printing business incorporated in Delaware, hired Thomas on May 18, 1987. Thomas worked for Krueger at its Evans, Georgia, facility as an "ink tender" at the time of the events giving rise to this lawsuit. Defendant Adams also worked for Krueger.

On June 10, 1991, Plaintiff worked the second shift in Krueger's press room with a work crew that included Adams. At some point, Plaintiff and Defendant Adams began exchanging insults. The acrimony escalated, and Adams grew extremely distraught upon Plaintiff's accusation that Adams beat women and children, alluding to Adams' wife and child. Adams rushed to Plaintiff and held a putty knife to Plaintiff's throat, threatening to kill him. Fortunately, other crew members quickly intervened, and no one was injured.

Plaintiff reported the incident to his press operator, who reported it to a supervisor. Two supervisors interviewed Plaintiff for fifteen to twenty minutes regarding the confrontation. Plaintiff was also interviewed for at least forty minutes by Richard P. Stuart, Manager of Safety and Personnel Services for Krueger, to determine the degree of Plaintiff's responsibility for causing the incident.[1] Following the interview, Stuart concluded that Thomas "actively participated in causing the reaction that he got [from Adams]" based on Plaintiff's admission that he knew Adams had a hot temper, knew "what buttons to push," and proceeded to agitate Adams. (Dep. of Richard P. Stuart at 24.) Stuart recommended that Thomas be terminated for "coercion."[2] Krueger discharged Adams and Thomas on June 14, 1991.

Thomas brought this action against Krueger, contending his termination was unlawfully

1. Mr. Stuart explained in his deposition there was no need to investigate Adams because "grabbing an employee and putting a scraper to the person's neck is a terminating offense." (Dep. of Richard P. Stuart at 22.)

2. Krueger's employee handbook makes "coercion of employees" an offense subject to disciplinary action.

sex based. This allegation derives, according to the Complaint, from a prior "incident" at Krueger's Evans facility involving Adams and Patricia Van Hoy, another Krueger employee.[3] Because no disciplinary action was taken against either Adams or Van Hoy, a female, Plaintiff contends Krueger discriminated against him based on his sex. Additionally, Plaintiff alleges in this action that Krueger breached its employment contract with him and negligently retained Adams as an employee after having knowledge of his inclination for violence. Plaintiff alleges Adams tortiously interfered with his employment contract with Krueger. Krueger seeks summary judgment on all counts of Plaintiff's Complaint against it.

## II. ANALYSIS

The Court should grant summary judgment only if "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The applicable substantive law identifies which facts are material in the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

"The movant bears the initial burden to show, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir.1991). When the moving party has the burden of proof at trial, that party must carry its burden at summary judgment by presenting evidence affirmatively showing that, "on all the essential elements of its case ..., no reasonable jury could find for the non-moving party." United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir.1991) (en banc). When the non-moving party has the burden of proof at trial, the moving party may carry its burden at summary judgment either by presenting evidence negating an essential element of the non-moving party's claim or by pointing to specific portions of the record which demonstrate that the non-moving party cannot meet its burden of proof at trial, see Clark, 929 F.2d at 606–608 (explaining Adickes v. S.H. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970) and Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)); merely stating that the non-moving party cannot meet its burden at trial is not sufficient, Clark, 929 F.2d at 608. Any evidence presented by the movant must be viewed in the light most favorable to the non-moving party. Adickes, 398 U.S. at 157, 90 S.Ct. at 1608.

If—and only if—the moving party carries the initial burden, then the burden shifts to the non-moving party "to demonstrate that there is indeed a material issue of fact that precludes summary judgment." Clark, 929 F.2d at 608. The non-moving party cannot carry its burden by relying on the pleadings or by repeating conclusory allegations contained in the complaint. Morris v. Ross, 663 F.2d 1032, 1033–34 (11th Cir.1981), cert. denied, 456 U.S. 1010, 102 S.Ct. 2303, 73 L.Ed.2d 1306 (1982). Rather, the non-moving party must respond by affidavits or as otherwise provided in Fed.R.Civ.P. 56. "[T]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255, 106 S.Ct. at 2513. A genuine issue of material fact will be said to exist "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." Id. at 248, 106 S.Ct. at 2510.

The clerk has given the non-moving party notice of the summary judgment motion, the right to file affidavits or other materials in opposition, and of the consequences of default; thus, the notice requirements of Griffith v. Wainwright, 772 F.2d 822 (11th Cir.1985), are satisfied. The time for filing

---

3. According to deposition testimony on file, in the latter part of 1990 while working at Krueger's Evans facility, Adams walked by Van Hoy and spoke to her. Apparently, she did not hear him, or just ignored him. So he got her attention by bumping her with a box he was carrying. Finding the contact offensive, Van Hoy warned Adams that she would report his conduct to a supervisor if it occurred again. According to Van Hoy, Adams responded by calling her a "stupid, ignorant bitch," (Dep. of Patricia Van Hoy at 9), and challenged her to report him. She did. The matter was reviewed by supervisors at Krueger, who elicited mutual apologies and admonished Adams that such behavior could lead to a sexual harassment charge.

materials in opposition has expired, and the motion is ripe for consideration. The Court will proceed to review the applicable substantive law and inquire whether the moving party—and, if necessary, the non-moving party—has carried the respective burdens set forth above. *See Clark*, 929 F.2d at 609 n. 9.

■ Defendant correctly argues that Plaintiff fails even to make out a prima facie case of pretextual discrimination actionable under Title VII. Plaintiff's disparate treatment argument—that Krueger "discriminated against [him] by terminating him following the confrontation with [Adams] while a previous incident [involving Adams and Van Hoy] resulted in no discipline" (Compl. ¶ 11)—without more is insufficient to state a prima facie sex discrimination claim under Title VII. Plaintiff alleges no factual basis, much less submit evidence at summary judgment, that would permit a reasonable person to conclude that gender played a role in his termination. Krueger prevails on Plaintiff's Title VII claim as a matter of law.

Having disposed of Plaintiff's Title VII claim, the Court declines to exercise jurisdiction over the supplemental state law claims. *See* 28 U.S.C. § 1367(c)(3). Krueger's Motion for Summary Judgment is GRANTED. Defendant Krueger's Motion for Oral Argument is DENIED. Plaintiff Thomas' Motion for a Hearing is DENIED. The Complaint is DISMISSED. The Clerk is directed to ENTER FINAL JUDGMENT in favor of Defendant Krueger against Plaintiff on his claim under 42 U.S.C. § 2000e et seq. and to CLOSE this case, taxing costs against the Plaintiff.

ORDER ENTERED.