[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12820
Non-Argument Calendar
_____

D.C. Docket No. 5:12-cv-00135-WTH-PRL


PARVIZ F. NAWAB,

Plaintiff -Appellant,

versus

UNIFUND CCR PARTNERS,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 27, 2013)

Before HULL, JORDAN, and FAY, Circuit Judges.

PER CURIAM:

Parviz Nawab, proceeding *pro se*, appeals the grant of summary judgment in

favor of defendant Unifund CCR Partners on his claims arising under the Fair

Credit Reporting Act, 15 U.S.C. § 1681, et seq., and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.  Having considered the parties' briefs and the record, we affirm.

I

Because we write for the parties, we assume familiarity with the underlying facts of the case and recite only what is necessary to resolve this appeal.

Mr. Nawab sought to work as a translator in Afghanistan but was allegedly denied the position because his credit reports contained erroneous information about an outstanding debt.  Mr. Nawab sent a letter to Unifund requesting validation of the debt on October 3, 2011, to which Unifund responded four days later with documentation verifying the debt.  On October 18, 2011, Unifund alerted the consumer reporting agencies to which it reported that Mr. Nawab had disputed the debt.  Mr. Nawab sent another request for validation of the debt on November 3, 2011, to which Unifund duly responded on November 8, 2011.  Unifund requested that consumer reporting agencies remove its account from Mr. Nawab's credit reports on December 15, 2011.

Mr. Nawab sued Unifund in state court, alleging violations of the FDCPA. Unifund removed the case to federal district court and moved to dismiss for failure to state a claim.  In granting Unifund's motion without prejudice, the district court cautioned, among other things, that "[a]llegations [in an amended complaint] that

merely copy the text of the various statutes, or speak of the Defendant's actions in general without any specific connection to the Plaintiff, will not establish a claim for relief that can survive." D.E. 27 at 5-6.

Mr. Nawab then filed an amended complaint. In Counts I and II, arising under the FCRA, Mr. Nawab alleged that Unifund violated 15 U.S.C. § 1681s-2 by reporting negative information about his debt to consumer reporting agencies and failing to provide him written notice within 30 days of making such reports. Count III likewise averred that Unifund neglected to undertake a reasonable investigation after learning that Mr. Nawab disputed the debt. In Counts IV and V, Mr. Nawab claimed that Unifund violated the FDCPA by, among other things, communicating false information to credit reporting agencies and failing to respond to his requests for debt verification within 30 days.

Several months later, Unifund moved for judgment on the pleadings or, in the alternative, summary judgment. Unifund attached to its motion an affidavit from Autumn Hopkins, its manager of legal operations, that incorporated the correspondence exchanged between Mr. Nawab and Unifund and described Mr. Nawab's account history with Unifund.

The district court granted summary judgment on all of Mr. Nawab's claims. It concluded that Counts I and II failed because 15 U.S.C. § 1681s-2(a)(1)–the statutory basis for these claims–did not provide a private right of action. It

3

likewise held that Count III was fatally deficient because Unifund indisputably never received notification of the debt dispute from a consumer reporting agency, which was a prerequisite to asserting a claim under 15 U.S.C. § 1682s-2(b).  Count IV similarly failed because it merely set forth statutory provisions without supporting facts, while summary judgment was appropriate as to Count V because Unifund established that no genuine issue of material fact existed as to its compliance with 15 U.S.C. § 1692g.  Mr. Nawab now appeals.

II

Mr. Nawab argues that the district court erred when it granted summary judgment (1) before the completion of discovery; (2) on the strength of an affidavit containing hearsay and sworn to by an individual unknown to Mr. Nawab; (3) without allowing Mr. Nawab to amend his complaint; and (4) in spite of the allegations of the complaint, which Mr. Nawab maintains the district court ignored.

A

Mr. Nawab first contends that the district court erred when it granted summary judgment in favor of Unifund before he was able to complete discovery. We review the district court's denial of a motion for continuance to conduct further discovery under Rule 56(d) for abuse of discretion. *World Holdings, LLC v. Fed. Republic of Germany*, 701 F.3d 641, 649 (11th Cir. 2012).  Under Rule 56(d), if the party opposing summary judgment shows by affidavit or declaration, for

4

specified reasons, that it cannot present facts essential to its opposition, the court may (1) defer or deny the summary judgment motion, (2) "allow time to obtain affidavits or declarations or to take discovery," or (3) "issue any other appropriate order."  Fed. R. Civ. P. 56(d).  We have recognized that "the interests of justice sometimes require postponement in ruling on a summary judgment motion, although the technical requirements of Rule 56(f) [the predecessor of Rule 56(d)] have not been met."  *Fernandez v. Bankers Nat. Life Ins. Co.*, 906 F.2d 559, 570 (11th Cir. 1990).  Even so, however, the party seeking a continuance "must specifically demonstrate how postponement of a ruling on the [summary judgment] motion will enable them, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact."  *Fla. Power & Light Co. v. Allis Chalmers Corp.*, 893 F.2d 1313, 1316 (11th Cir. 1990).

Although Mr. Nawab indicated that he wished to conduct additional discovery and complete pending depositions, he failed to describe what particular facts he sought, from whom he sought them, or how he would use them to rebut Unifund's arguments in support of summary judgment.  In the absence of such information, the district court properly exercised its discretion when it granted summary judgment before the completion of discovery.  *See Fla. Power & Light Co.*, 893 F.2d at 1316.

5

B

Mr. Nawab next challenges the district court's reliance on the affidavit of Unifund's manager of legal operations in granting summary judgment. We review the district court's evidentiary rulings for abuse of discretion and will reverse on the basis of such a ruling "only if [it] resulted in substantial prejudice." *Cynergy, LLC v. First Am. Title Ins. Co.*, 706 F.3d 1321, 1326 (11th Cir. 2013) (internal punctuation omitted). Under Rule 56, an affidavit filed in support of a motion for summary judgment "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Summary judgment cannot be granted on the basis of inadmissible hearsay. *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1293 (11th Cir. 2012). "Hearsay" is defined as a statement, other than one made by the declarant while testifying at a trial or hearing, offered in evidence to prove the truth of the matter asserted. Fed. R. Evid. 801(c).

The district court did not abuse its discretion by relying on the affidavit because it comports with the requirements of Rule 56 and includes no hearsay. Ms. Hopkins relied on personal knowledge of Unifund's accounts and her personal review of records that Unifund maintained in the ordinary course of business in setting forth the history of Unifund's dealings with Mr. Nawab. *See id.* Mr. Nawab's argument that the district court could not consider the affidavit because

6

he neither was acquainted with nor had questioned Ms. Hopkins lacks merit because no such prerequisites exist for granting summary judgment. *See generally* Fed. R. Civ. P. 56.

C

Mr. Nawab further maintains that the district court erred by prematurely granting summary judgment for Unifund without first allowing him to file a second amended complaint. "We review a district court's decision regarding leave to amend for abuse of discretion." *Troville v. Venz*, 303 F.3d 1256, 1259 (11th Cir. 2002). Where a more carefully-drafted complaint might state a claim, a *pro se* plaintiff "must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541 (11th Cir. 2002).

The district court provided Mr. Nawab with the requisite opportunity to amend when it dismissed his initial complaint without prejudice. In so doing, it instructed him to plead specific facts linking him to Unifund's conduct rather than merely basing his claims on quoted statutory language, an admonition that Mr. Nawab failed to follow with respect to Count IV of his amended complaint. In light of Mr. Nawab's prior opportunity to amend his complaint and failure to cure its deficiencies, the district court properly exercised its discretion when it granted

summary judgment without sua sponte[1] inviting Mr. Nawab to amend his complaint a second time.

## D

Mr. Nawab finally contests the merits of the district court's grant of summary judgment, arguing that the district court disregarded the allegations of his amended complaint.    We review the grant of summary judgment *de novo*, reviewing the evidence and construing the facts in favor of the non-moving party. *Morales v. Zenith Ins. Co.*, 714 F.3d 1220, 1226 (11th Cir. 2013).    The district court may grant summary judgment where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."    Fed. R. Civ. P. 56(a).    The movant carries its burden by showing that there is an absence of evidence to support the nonmoving party's case.    *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).    The burden then shifts to the nonmoving party to go beyond the pleadings and to present evidentiary materials designating specific facts that show a genuine issue.    *Id.* at 324.    Although a *pro se* complaint "is entitled to a less strict interpretation," a *pro se* plaintiff is not excused from meeting the "essential burden of establishing that there is a genuine issue as to a fact material to his case." *Holifield v. Reno*, 115 F.3d 1555, 1561 (11th Cir. 1997).    When a nonmoving party's response consists of nothing more than conclusory allegations, summary

---

[1] Mr. Nawab did not file a motion for leave to amend below.

8

judgment is not only proper but required. *Morris v. Ross*, 663 F.2d 1032, 1034 (11th Cir. 1981).

The district court correctly concluded that Counts I and II, brought under 15 U.S.C. § 1681s-2(a) of the FCRA, failed as a matter of law. This provision, among other things, prohibits knowingly furnishing inaccurate information to a consumer reporting agency and mandates correcting any inaccurate information that has been furnished. 15 U.S.C. § 1681s-2(a)(1). Another section of the statute, however, provides that subsection (a) "shall be enforced exclusively" by federal and state authorities. 15 U.S.C. § 1681s-2(d). *See also Longman v. Wachovia Bank, N.A.*, 702 F.3d 148, 151 (2d Cir. 2012) (concluding that "the statute plainly restricts enforcement of [§ 1681s–2(a)] to federal and state authorities"). Because Mr. Nawab lacks standing to bring claims under § 1681s-2(a), the district court properly granted summary judgment as to Counts I and II.

The district court likewise appropriately entered summary judgment as to Count III, brought under 15 U.S.C. § 1681s-2(b) of the FCRA. Under this provision, a furnisher of credit must undertake an investigation and take other actions after the furnisher has been notified of inaccuracies in a consumer's credit report. *See* 15 U.S.C. § 1681s-2(b). The provision provides a private right of action but only where the furnisher received notice of the consumer's dispute from a consumer reporting agency. *See* 15 U.S.C. § 1681s-2(b)(1); 15 U.S.C. §

9

1681i(a)(2).  *See also Llewellyn v. Allstate Home Loans, Inc.*, 711 F.3d 1173, 1178 (10th Cir. 2013) (noting that § 1681s-2(b)(1) applies to "a furnisher of information who has received notice of a dispute from a [consumer reporting agency]").

Unifund established through Ms. Hopkins' affidavit that it had not received notice of Mr. Nawab's dispute from  a consumer reporting agency.  Mr. Nawab bore the burden of refuting Ms. Hopkins' sworn testimony by presenting evidence that created a jury question, but he failed to satisfy this evidentiary standard.  *See Fickling v. United States*, 507 F.3d 1302, 1304 (11th Cir. 2007) ("Once [the moving party's initial] burden is met, the nonmoving party must present evidence beyond the pleadings showing that a reasonable jury could find in its favor.").  Mr. Nawab relies on his correspondence with Unifund to defeat summary judgment, but these letters demonstrate that it was he–rather than a consumer reporting agency–who notified Unifund about his debt dispute.   Unifund therefore established that no genuine issue of material fact existed with respect to Count III. *See Morris*, 663 F.2d at 1034.

The district court's grant of summary judgment was also proper as to Count IV.  As discussed above, notwithstanding the district court's admonition that Mr. Nawab's amended complaint must plead specific facts linking Unifund to particular wrongful conduct, Count IV merely consists of references to various provisions of the FDCPA.   Such conclusory allegations constitute legal

conclusions that present no genuine issue of material fact.  See *Celotex,* 477 U.S. at 323-24.  *See also* Fed. R. Civ. P. 8(a)(2) (a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]").

The district court also correctly concluded that no genuine issue of material fact existed with respect to Count V, arising under 15 U.S.C. § 1692g of the FDCPA.  The FDCPA requires a debt collector to send, within five days of initial communication with a consumer, a written notice that informs the consumer that if he disputes the debt, "the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector[.]"  15 U.S.C. § 1692g(a)(4).  If a consumer notifies the debt collector in writing, within 30 days after receipt of an initial notice of debt, that the debt is disputed, "the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt . . . ."  15 U.S.C. § 1692g(b).

Mr. Nawab presented no evidence rebutting Unifund's argument that it ceased debt-collection efforts after he notified it that the debt was being disputed. The correspondence that Unifund sent to Mr. Nawab was purely informational, was sent in response to Mr. Nawab's initial query, and did not request payment.  In his opposition to Unifund's motion for summary judgment, Mr. Nawab refers to certain purported telephone conversations between himself and Unifund

11

representatives in which Unifund purportedly tried to persuade him to make payments toward his debt. Even if such conversations constituted a violation of § 1692g, Mr. Nawab's unsworn allegations are insufficient to defeat summary judgment. *See Gordon v. Watson*, 622 F.2d 120, 123 (5th Cir. 1980) ( "Although pro se litigants are not held to the same standards of compliance with formal or technical pleading rules applied to attorneys, we have never allowed such litigants to oppose summary judgments by the use of unsworn materials.").[2]

### III

For the forgoing reasons, the district court's grant of summary judgment is affirmed.

**AFFIRMED.**

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.